CHARLES NICHOLS *v.* JOHN B. SCHOFIELD.

Deposits in a Savings Bank are liable to attachment.

The writ in this case was served Sept. 13th, 1851, by foreign attachment upon the Pawtucket Institution for Savings. The Treasurer of the Bank, as garnishee, made affidavit that at the service of the writ the Bank had on deposit the sum of $170 10 belonging to the defendant, being a balance of money deposited under and payable in conformity to the charter of said Institution for Savings ; that the last dividend of interest, previous to the service of the writ, was on the fifth day of July, and the next succeeding dividend was due on the first of January ; that Schofield had not given the notice prescribed in the charter of his intention to withdraw his deposit, and that otherwise the Bank had not in its possession any of the personal estate of the defendant.

By the 6th section of the charter it is provided that " deposits shall be withdrawn by the depositor or some person by him legally authorized ; but no person shall receive any part of his principal or dividend, without producing the original book, that such payment may be entered thereon, or produce satisfactory evidence that said book is lost. No money shall be withdrawn except on the second Wednesday in October, January, April and July, and one week's notice of the intention of withdrawing the same shall be given to the Treasurer in writing."

It was contended for the defendant that the deposits

being assignable by a transfer of the depositor's book with the assignment endorsed upon it, the garnishee could not make oath that he had property of the defendant in his hands, and that therefore the deposits, like money due upon a negotiable promissory note or bill of exchange, were not attachable.

But the Court held that the deposits were liable to attachment like deposits in any other bank; that they differed in the mode of transfer from deposits in other banks only by requiring, in addition to the order of the depositor, the production of his book to entitle the assignee to receive any part of the principal or dividend; and that, until the Treasurer had received notice of a transfer, he had a right to consider the deposits as still belonging to the original depositor.